# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER JONES, *on behalf of herself and those similarly situated,*<br>2041 South 19th Street<br>Philadelphia, PA 19145<br><br>   Plaintiff,<br><br>v.<br><br>CSAA INSURANCE EXCHANGE, INC.<br>d/b/a CSAA INSURANCE GROUP<br>1400 Howard Boulevard<br>Mount Laurel, NJ 08054<br><br>  and<br><br>JOHN DOES 1-10<br><br>   Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW AND THE NEW JERSEY WAGE PAYMENT LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Named Plaintiff, Jennifer Jones (hereinafter referred to as "Named Plaintiff"), by and through her undersigned counsel, hereby complains as follows against Defendant CSAA Insurance Exchange, Inc. d/b/a CSAA Insurance Group and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), and the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively referred to hereinafter as the "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Collective Plaintiffs (collectively referred to hereinafter as "Plaintiffs")

proper overtime compensation in violation of said laws. Defendants fired Named Plaintiff because she complained about Defendants' failure to pay her proper overtime wages.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated as if set forth in full.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated as if set forth in full.

7. Named Plaintiff is an adult with an address as set forth above.

8. Defendant CSAA Insurance Exchange, Inc. d/b/a CSAA Insurance Group (hereinafter referred to as "Defendant CSAA") is an entity operating a business in New Jersey at the address as set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the

policies and practices of Defendants which resulted in Defendants failing to pay Named Plaintiff and Collective Plaintiffs proper compensation pursuant to federal and state law.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Plaintiffs.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as a Claims Service Representative, or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein, and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are hereinafter referred to as "Collective Plaintiffs").

13. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

**Factual Background**

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Named Plaintiff began working for AAA Mid-Atlantic Insurance Company (hereinafter "AAA") in or around 1987.

19. In or about January 2012, Defendant CSAA purchased AAA and Named Plaintiff began working for Defendant CSAA.

20. At all times relevant herein, Named Plaintiff was a non-exempt hourly employee of Defendants.

21. At all times relevant herein, Collective Plaintiffs were and/or are non-exempt hourly employees of Defendants.

22. Defendants initially employed Named Plaintiff as a Claims Service Representative.

23. At all times relevant herein, Collective Plaintiffs work and/or worked as Claims Service Representatives for Defendants.

24. Named Plaintiff regularly worked more than 40 hours a workweek for Defendants.

25. In or around July 2012, Defendants combined the duties of their Property Damage Adjuster position into the duties of its Claim Service Representative position.

26. As a result, Defendants effectively eliminated their Property Damage Adjuster position.

27. Thereafter, the time it took to discharge the duties for a Claims Service Representative doubled.

28. Accordingly, Named Plaintiff's position as a Claims Service Representative required significantly more overtime.

29. Accordingly, upon information and belief, Collective Plaintiffs' position as a Claims Service Representative required significantly more overtime.

30. Defendants required authorization to work overtime but was reluctant in authorizing overtime to employees and discouraged employees from recording overtime.

31. From in or around August 2015 until March 2016, Named Plaintiff's Supervisor, Mary Ketchell (hereinafter referred to as "Supervisor Ketchell"), worked late with Named Plaintiff.

32. Supervisor Ketchell and Named Plaintiff's work stations were in the same room.

33. In or around August 2015, Defendants placed Named Plaintiff on probation for falling behind on her workload.

34. Named Plaintiff had only fallen behind in her workload because Defendants refused to approve overtime.

35. Due to Defendants placing her on probation, Named Plaintiff worked as much as she could to catch up on her assigned work load, including but not limited to:

    a. Named Plaintiff routinely started her workday from Monday through Friday at the office at 9:00am and continued working at the office until at least 7:30pm.

    b. Named Plaintiff resumed working from her home on her company-issued laptop for approximately 2.5 to 3 hours and informed her supervisor of same.

    c. Named Plaintiff rarely took a non-compensable lunch break at work (she would eat at her desk while working in front of her supervisor).

36. Defendants knew that Named Plaintiff was working significant overtime without proper compensation because Named Plaintiff performed her duties in front of her supervisor and/or informed her supervisor that she was working from home with permission.

37. Despite Defendants' knowledge that Named Plaintiff was working significant overtime, Defendants refused to approve or pay any overtime.

38. Upon information and belief, Defendants knew that Collective Plaintiffs were working significant overtime without proper compensation because Collective Plaintiffs performed their duties in front of their supervisors and/or informed their supervisors that they were working from home with permission.

39. Upon information and belief, despite Defendants' knowledge that Collective Plaintiffs were working significant overtime, Defendants refused to approve or pay any overtime.

40. Defendants tracked Named Plaintiff's work hours through Defendants' phone records and computer entries.

41. Upon information and belief, Defendants tracked Collective Plaintiffs' work hours through Defendants' phone records and computer entries.

42. Additionally, Named Plaintiff's weekend work hours conducted from home were tracked by Defendants' laptop.

43. Additionally, upon information and belief, Collective Plaintiffs' weekend work hours conducted from home were tracked by Defendants' laptop.

44. By early March 2016, Named Plaintiff had substantially improved her work.

45. Supervisor Ketchell praised Named Plaintiff for having caught up on her work assignments.

46. Named Plaintiff told Supervisor Ketchell that her progress was due to the significant overtime she worked from August 2015 through March 2016.

6

47. During the same conversation in or around March 2016, Named Plaintiff also told Supervisor Ketchell that despite having worked significant overtime, Defendants had not paid her overtime.

48. Supervisor Ketchell reminded Named Plaintiff that overtime cannot be authorized, therefore she still could not authorize any overtime nor should Named Plaintiff expect payment for overtime hours worked.

49. A week later, Defendants fired Named Plaintiff.

50. Defendants informed Named Plaintiff that she was fired due her inability to complete her assigned tasks in a timely manner.

51. Defendants' reason for firing Named Plaintiff is a pretext.

52. Defendants' real reason for firing Named Plaintiff was in retaliation for her complaints regarding Defendants' failure to properly pay her overtime wages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay overtime wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendants have and continue to be an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

55. At all times relevant herein, Named Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

56. At all times relevant herein, Collective Plaintiffs are/were employed with Defendants as an "employee" within the meaning of the FLSA.

57. At all times relevant herein, Named Plaintiff was a non-exempt employee within the meaning of the FLSA.

58. At all times relevant herein, Collective Plaintiffs are/were non-exempt employees within the meaning of the FLSA.

59. Under the FLSA, an employer must pay a non-exempt employee for each and every hour worked, and time and one-half the regular rate of pay for each hour worked over 40 hours in a workweek.

60. Defendants' violations of the FLSA include, but are not limited to not paying Plaintiffs overtime for the hours/weeks they worked over forty (40) hours in each workweek.

61. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

**COUNT II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**(Named Plaintiff v. Defendants)**

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Named Plaintiff's complaints to Defendants and her reporting to management Defendants' violations of the FLSA constitute protected activities under the FLSA.

64. Defendants fired Named Plaintiff for her complaints of unpaid wages to management.

65. Defendants' aforementioned conduct is in violation of FLSA.

66. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**COUNT III**
**Violations of the New Jersey Wage and Hour Law**
**(Failure to pay overtime wages)**
**(Named Plaintiff v. Defendants)**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

8

7. At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage and Hour Law.

8. At all times relevant herein, Named Plaintiff's payroll was processed in New Jersey.

9. At all times relevant herein, Named Plaintiff reported to management in New Jersey.

10. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff.

11. At all times relevant herein, Named Plaintiff was employed with Defendants as an "employee" within the meaning of the New Jersey Wage and Hour Law.

12. Defendants' conduct in failing to pay Named Plaintiff overtime compensation for all hours worked beyond 40 per workweek violated the New Jersey Wage and Hour Law.

13. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**COUNT III**
**Violations of the New Jersey Wage Payment Law**
**(Failure to pay overtime wages)**
**(Named Plaintiff v. Defendants)**

14. The foregoing paragraphs are incorporated herein as if set forth in full.

15. Defendants' aforementioned conduct is in violation of the New Jersey Wage Payment Law.

As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**COUNT IV**
**Violations of the New Jersey Wage Payment Law**
**(Failure to Pay All Wages Due)**
**(Named Plaintiff v. Defendants)**

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Jersey Wage Payment Law.

69. At all times relevant herein, Named Plaintiff was employed with Defendants as an "employee" within the meaning of the New Jersey Wage Payment Law.

70. Defendants' conduct in failing to pay Named Plaintiff all owed wages violated the New Jersey Wage Payment Law.

71. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the FLSA, and New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law;

B. Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits she would have received had it not been for Defendants' illegal actions, including but not limited to unpaid wages, back pay and front pay.

C. Plaintiffs are to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Named Plaintiff is to be awarded emotional distress damages as permitted by applicable law;

E. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

Respectfully submitted,

By: */s/ Daniel A. Horowitz*
Daniel A. Horowitz, Esq.
**SWARTZ SWIDLER LLC**
1101 Kings Hwy N, Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: June 5, 2017

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.